IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| AGILITI HEALTH, INC.<br>6625 W. 78th Street, Suite 300<br>Minneapolis, MN 55439 | : <br> : <br> : | CASE NO. 3:20-cv-91<br>JUDGE: |
| Plaintiff, | : <br> : | |
| vs. | : | **COMPLAINT** |
| THE MEDICAL CENTER AT ELIZABETH PLACE, LLC<br>One Elizabeth Place<br>Dayton, OH 45417 | : <br> : <br> : | **DEMAND FOR JURY TRIAL** |
| Defendant. | | |

**COMPLAINT**

COMES NOW Plaintiff Agiliti Health, Inc. for its complaint against defendant The Medical Center at Elizabeth Place, LLC (the "MCEP") alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a breach of contract action by plaintiff Agiliti Health, Inc. for the nonpayment of medical equipment maintenance and repair services it provided to the MCEP. The MCEP failed to pay for the services under the service contract and Agiliti Health, Inc. is entitled to judgment on its breach of contract, unjust enrichment and/or account stated claims.

2. Plaintiff Agiliti Health, Inc. is a subsidiary of Agiliti Holdco, Inc., a Delaware corporation. On January 4, 2019, Agiliti Holdco, Inc. completed a business combination with Federal Street Acquisition Corp. ("FSAC"), and Agiliti Inc. As a result of the business

1

combination, FSAC became a wholly-owned subsidiary of Agiliti, Inc., and Agiliti Holdco, Inc. became a wholly-owned subsidiary of FSAC.

3. In July 2019, Agiliti Inc. acquired Zetta Medical Technologies, LLC, the party to the service contracts discussed herein. As part of a corporate restructuring, during the fall of 2019 Zetta Medical Technologies, LLC was ultimately merged into Agiliti Health, Inc. on or about December 31, 2019. As a result, Zetta Medical Technologies, LLC's claims and contractual rights against MCEP, became the property of Agiliti Health, Inc. Agiliti Health, Inc. has been doing business as Agiliti Health, Inc. from the effective date of the merger and continues to do business as Agiliti Health, Inc. through the date of this Complaint.

4. Accordingly, for the purposes of this Complaint, the term "Plaintiff" will refer to Agiliti Health, Inc. and all of Zetta Medical Technologies, LLC's claims and contractual rights against MCEP that were acquired and assumed by Agiliti Health, Inc.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a Delaware corporation headquartered in Minneapolis, Minnesota.

6. The MCEP is an Ohio limited liability company headquartered in Dayton, Ohio.

7. The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

8. Jurisdiction over MCEP is proper because it is an Ohio corporation with its principal place of business in Dayton, Ohio.

9. Venue is proper under 28 U.S.C. § 1391(b) because MCEP resides in this District and a substantial part of the events giving rise to these claims occurred in this District.

## FACTUAL BACKGROUND

10. Plaintiff provides, *inter alia*, medical equipment management services including medical equipment maintenance and repair services. Prior to merging with Plaintiff, Zetta Medical Technologies, LLC ("Zetta Medical") provided medical imaging service solutions,

including medical equipment maintenance and repair services, and sold pre-owned medical imaging equipment.

      11.      The MCEP is a physician owned hospital.

**A.      The Service Agreement**

      12.      On February 1, 2015, the MCEP entered into a service agreement with Plaintiff (the "Service Agreement"), where Plaintiff would perform medical maintenance and repair services on specific medical imaging equipment identified in the Service Agreement. In exchange, MCEP would remit monthly installment payments to Plaintiff.

      13.      The original term of the Service Agreement was from February 1, 2015 to January 31, 2018. The term of the Service Agreement was subsequently extended to January 31, 2021, pursuant to section E of Plaintiff's standard terms and conditions included in the Service Agreement (the "Terms and Conditions").

      14.      On or about November 13, 2017, Plaintiff and MCEP entered into an addendum to the Service Agreement modifying the annual pricing for the Service Agreement to $200,340.00 or $16,695.00 per month, plus taxes.

      15.      Section Q. of the terms and conditions selects Illinois law: "The law of the state of Illinois will govern any interpretation of this Agreement and dispute between [the Merged Entity] and [MCEP] without regard to the principles of choice law."

**B.  MCEP's Breach of the Service Agreement**

      16.      Pursuant to the Service Agreement, Plaintiff provided MCEP with medical equipment maintenance and repair services under the terms and conditions of the Service Agreement (the "Services").

      17.      The Plaintiff submitted invoices to MCEP each month for the monthly installment payment.

      18.      Although Plaintiff continued to fulfill its obligations under the Service Agreement, from August 2019 through the date of this Complaint, the MCEP has failed to pay MCEP has failed to pay the invoices submitted for the August 2019, September 2019, October

3

2019, November 2019, December 2019, January 2020 and February 2020 monthly installment payments (the "Invoices") under the Service Agreement.  As of the date of this complaint, MCEP had an outstanding balance of $105,769.63 for the Services provided under the Service Agreement.  The outstanding amounts owed are reflected in Plaintiff's statement of account for the MCEP.  A true and correct copy of the statement of account identifying the invoices and balance remaining for the Services (the "Statement of Account") is attached as Exhibit "1".

19. On February 10, 2020, Agiliti sent an email to MCEP referencing a conversation between Agiliti and MCEP a month previously regarding the past due amount, informing MCEP of the current past due account, and requesting that MCEP provide information on a plan to become current on the amount owed under the Service Agreement.  MCEP never responded to the February 10, 2020 email.  A true and correct copy of the February 10, 2020 email correspondence is attached as Exhibit "2".

20. In a letter dated February 25, 2020, Agiliti, through counsel, sent a letter to the MCEP demanding payment of the full outstanding balance.  MCEP never responded to the February 25, 2020 letter.  A true and correct copy of the February 25, 2020 letter is attached hereto as Exhibit "3".

21. Despite the MCEP's knowledge of its obligations to make monthly payments under the Service Agreement, and MCEP's knowledge that Agiliti would be harmed by its non-payment, MCEP has failed to make the monthly payments for August 2019, September 2019, October 2019, November 2019, December 2019, January 2019 and February 2020, respectively.  Even after receiving notice from Agiliti of its nonpayment and Agiliti's request for a payment plan, MCEP has failed to make any attempt to become current with Agiliti.

22. As a result, on March 10, 2020, Agiliti sent a letter to the MCEP *via* email and overnight mail formally terminating the Service Agreement pursuant to Section L of the Service Agreement ("Termination Letter").  A true and correct copy of the Termination Letter and proof of mailing are attached as Exhibit "4".

23. In addition to the outstanding balance, Section E of the Terms and Conditions included in the Service Agreement has a liquidated damages provision. Specifically, the liquidated damages provision provides that, "if [Plaintiff] terminates this Agreement to [the MCEP's] default pursuant to Section L, [the MCEP] must pay [Plaintiff], as liquidated damages, an amount equal to [25%] of the total service amounts payable under [the] Agreement for the term remaining as of the date of termination."

24. In turn, Section L of the Terms and Conditions included in the Service Agreement provides that "[i]f [the MCEP] fails to pay the monthly installment or any other invoices when due, or otherwise defaults hereunder, and such default continues for five (5) days after notice to cure, [Plaintiff] may elect . . . to terminate this Agreement, and [Plaintiff] shall have no further responsibilities hereunder. All invoices related to this Agreement shall bear interest from the invoice due date at the rate of [1.5%] per month."

25. The MCEP has not cured any amount of the default. Pursuant to Section E and L of the Terms and Conditions, the MCEP now owes 25% of the monthly installment payments from the date of termination through March 21, 2021 under the Service Agreement as liquidated damages.

26. The monthly installment payment under the Service Agreement and Addendum is $16,695.00. Accordingly, the MCEP owes an additional $45,911.25 (11 months x $16,695.00 x 25% = $45,911.25) in liquidated damages under the Service Agreement and Addendum.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract: The MCEP's Failure to Pay)**

27. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

28. On or about February 1, 2015, Plaintiff and MCEP entered into and executed the Service Agreement. The Service Agreement is a valid and enforceable written contract.

5

29. On November 13, 2017, Plaintiff and MCEP entered into and executed the Addendum, increasing the annual pricing for the Service Agreement to $200,340.00, or $16,695 per month.  The Addendum is a valid and enforceable written contract.

30. The original term of the Service Agreement was from February 1, 2015 to January 31, 2018.  The parties subsequently agreed to extend the Service Agreement to January 31, 2021.

31. MCEP issued invoices each month for the monthly installment payment due under the Service Agreement.  MCEP has failed to pay the last six invoices reflecting the months of August 2019, September 2019, October 2019, November 2019, December 2019, January 2020 and February 2020 for a total of $105,769.63.

32. Plaintiff has performed all conditions, covenants, and promises required of it in accordance with the terms of the Service Agreement and the outstanding invoices, except for those that have been waived or excused by MCEP.

33. No part of the sum owed for the Services have been paid by MCEP, although Plaintiff has demanded payment.

34. There is now due, owing and unpaid to Plaintiff, from the MCEP, the principal sum of at least $105,769.63 plus interest or late fees under the Invoices at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2.

35. In addition to the outstanding balance, Section E of the Terms and Conditions included in the Service Agreement has a liquidated damages provision.  Specifically, the liquidated damages provision provides that, "if [Plaintiff] terminates this Agreement to [the MCEP's] default pursuant to Section L, [the MCEP] must pay [Plaintiff], as liquidated damages, an amount equal to [25%] of the total service amounts payable under [the] Agreement for the term remaining as of the date of termination."

36.  In turn, Section L of the Terms and Conditions included in the Service Agreement provides that "[i]f [the MCEP] fails to pay the monthly installment or any other invoices when due, or otherwise defaults hereunder, and such default continues for five (5) days

after notice to cure, [Plaintiff] may elect . . . to terminate this Agreement, and [Plaintiff] shall have no further responsibilities hereunder.  All invoices related to this Agreement shall bear interest from the invoice due date at the rate of [1.5%] per month."

37. As a direct and proximate result of the MCEP's breaches, Plaintiff has been damaged, and is entitled to recover from the MCEP, damages in the principal sum of $151,680.88, plus interest or late charges under the Service Agreement and Invoices at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

38. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

39. Plaintiff pleads, in the alternative, that it is entitled to payment of $105,769.63 for medical repair and maintenance services that the MCEP has wrongfully received.

40. The MCEP has received the benefit of the Services without payment despite requesting the Services.

41. The MCEP knowingly and voluntarily accepted the Services under circumstances that made it inequitable for the MCEP to receive those services.  The MCEP should be required to remit the amounts due to Plaintiff based upon the outstanding balance due.

42. The MCEP has therefore received the benefit of and been unjustly enriched by the Services for which it is not entitled, at the expense of Plaintiff, the provider of the Services.

43. The MCEP has been unjustly enriched at Plaintiff's expense and as a result of the unjust enrichment, Plaintiff has suffered damages of $105,769.63, plus interest or late fees on the at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2.

## COUNT III

### (Account Stated)

44. Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

45. Plaintiff pleads, in the alternative, that it is entitled to payment of $105,769.63 from previous transactions between the parties under Service Agreement.

46. Contemporaneous with providing the Services to the MCEP, Plaintiff submitted a statement of account to the MCEP for the balance owed to Plaintiff.

47. The MCEP retained the statement of account without objection.

48. The MCEP expressly or impliedly acknowledged the correctness of the balance owed for the Services.

49. Plaintiff is entitled to damages against The MCEP in an amount to be determined at trial but that is expected to exceed $105,769.63, plus interest or late charges on at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2.

WHEREFORE, Agiliti demand judgment:

*As to Count I*:

A. For damages in an amount to be determined at trial but in no event less than $151,680.88, plus interest or late charges under the Service Agreement at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2;

B. For Plaintiff's attorney fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

*Alternatively, as to Count II*:

A. For damages in an amount to be determined at trial but in no event less than $105,769.63, plus interest or late fees on the Invoices at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2;

B. For Plaintiff's attorney fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

*Alternatively, as to Count III*:

A. For damages in an amount to be determined at trial but in no event less than $105,769.63, plus interest or late fees on the Invoices at the rate of 1.5% per month, or the maximum legal rate, or, alternatively, 5% per annum under 815 Ill. Comp. Stat. Ann. 205/2;

B. For Plaintiff's attorney fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: March 11, 2020

/s/Scott A. Liberman
Scott A. Liberman (0058432)
ALTICK & CORWIN CO., L.P.A.
One South Main Street, Suite 1590
Dayton, OH 45402
Telephone: (937) 223-1201
Facsimile: (937) 223-5100
Email: liberman@altickcorwin.com

/s/Steven E. Bacon
Steven E. Bacon (0059926)
ALTICK & CORWIN CO., L.P.A.
One South Main Street, Suite 1590
Dayton, OH 45402
Telephone: (937) 223-1201
Facsimile: (937) 223-5100
Email: bacons@altickcorwin.com